# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOLENE M. MERRILL, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner, Social Security <br> Administration, <br><br> Defendant. | Case No. 08-CV-772-FHM |

## OPINION AND ORDER

Plaintiff, Jolene M. Merrill, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's December 1, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held June 25, 2008. By decision dated June 25, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 29, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 28 years old on the amended disability onset date and 30 years old at the time of the hearing.  She completed the 11th grade in special education classes and formerly worked as cashier/sandwich maker, housekeeper, and elevator operator.  She claims to have been unable to work since July 28, 2006, as a result of a back impairment, inability to follow directions, depression, and asthma.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with little or no exposure to respiratory irritants, and restriction to simple or routine tasks involving only occasional contact with the general public. [R. 22].  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to provide a through discussion of all the medical evidence in the file, selectively relying on only portions of the record; and failed to consider her borderline intellectual functioning in combination with her depression.

The court concludes that the ALJ considered the Plaintiff's claim under the correct legal standards and that the denial of benefits is supported by substantial evidence in the record. Therefore the Commissioner's denial of benefits is AFFIRMED.

Plaintiff argues that the ALJ's failure to mention the Global Assessment of Functioning (GAF) scores[2] that appear in record constitutes impermissible picking and choosing evidence from the record to support the decision. The court rejects this argument. Plaintiff has not pointed to any material in the record that suggests the GAF scores related to work-related functional limitations. Although the ALJ did not mention the GAF scores,[3] she accurately summarized the findings contained in the medical record. [R. 23]. She noted that the medical records indicated Plaintiff's problem as being suicidal ideation, and that in October 2006 Plaintiff was admitted to the Tulsa Center for Behavioral Health following a suicide attempt. *Id*. The ALJ also took into account and gave weight to the state medical consultant's evaluation of the record and the treating physician's note that it was boredom, rather than an endogenous depression, that was responsible for Plaintiff's

---

[2] The GAF score is a scale used by mental health clinicians to report an individual's overall level of functioning. According to The American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders*, p. 34 (4th Edition, revised, 2000) ("DSM-IV-TR"), a person with a GAF of between 41 and 50 will exhibit "[s]erious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)". Thus, the GAF score may refer to any one of a number of areas and may not necessarily relate to the ability to perform work.

[3] Plaintiff identified several places in the record where GAF scores are listed. Most of those scores appear in records generated between October 20 and 24, 2006, when a comprehensive assessment was performed at the Tulsa Center for Behavior Health where Plaintiff was admitted for suicidal ideation and attempting to cut her wrists. [R. 305, 306, 320, 322]. A rating appears on July 28, 2006, when a clinician at Family and Children's Services listed a GAF score on a diagnosis form. The only narrative description accompanying that score is Plaintiff's own report of her problems. [R. 351]. Another rating was generated on January 22, 2007, [R. 280], that rating is repeated on September 18, 2007,as part of a discharge diagnosis which summarizes and repeats the contents of other records, including the January rating. [R. 327].
   Page 307 of the record also contains a note and GAF rating which is dated February 8, 2007, but the note appears relate to an earlier time frame because it states that the patient will follow up with Family and Children Services and "Patient has her first appointment October 26, 2006."

mood disorder. *Id.* The court finds no error in the ALJ's evaluation of the medical record.

Plaintiff argues that her borderline intellectual ability and depression together prevent her from having the ability to perform substantial gainful activity. Plaintiff states that she does not object to the ALJ's finding concerning Listing §12.05 which addresses mental retardation. [Dkt. 18, p. 9]. Plaintiff also agrees that the ALJ properly limited her to the performance of simple routine tasks. *Id.* However she argues that her GAF scores together with entries from Dr. LaFromboise to the effect that her insight is "limited" or "questionable" demonstrate that she cannot perform work on a sustained basis. The court has already addressed the ALJ's treatment of the GAF scores. Nothing within Dr. LaFromboise's notes suggests that the comments about Plaintiff's insight relate to her ability to work.

The court finds that the ALJ made a through and accurate evaluation of the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 25th day of February, 2010.

*Frank H. McCarthy*
FRANK H. MCCARTHY
UNITED STATES MAGISTRATE JUDGE